# IN THE UNITED STATES COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| TIMOTHY BRANDON | § | PLAINTIFF |
|---|---|---|
| | § | |
| v. | § Civil Action No.1:08CV1431HSO-JMR | |
| | § | |
| NORTH STREET, LLC | § | DEFENDANT |

## ORDER AND REASONS GRANTING
## PLAINTIFF'S MOTION TO REMAND

This cause comes before the Court upon the Motion of Timothy Brandon ("Plaintiff"), filed December 29, 2008 [5-1], to Remand the above styled and numbered civil action to the Circuit Court of Harrison County, Mississippi, First Judicial District. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that this case must be remanded to state court.

## I. FACTS AND PROCEDURAL HISTORY

This case was originally filed by Plaintiff on October 30, 2008, in the Circuit Court of Harrison County, Mississippi, First Judicial District. The Complaint states that Plaintiff is a Louisiana corporation organized and existing by virtue of the laws of the State of Louisiana. *See* Compl., attached as Ex. "A" to Notice of Removal. The Complaint further alleges that Defendant North Street is a limited liability corporation organized and existing under the laws of the State of Mississippi. *See id.*

On November 25, 2008, Defendant North Street filed a Notice of Removal in this Court invoking federal jurisdiction on the grounds of diversity, in accord with 28 U.S.C. § 1332. *See* Notice of Removal, at p. 1. Plaintiff filed the present Motion to

Remand [5-1] on December 29, 2008. To date, the Defendant has not responded.

Plaintiff's Motion states in part that:

> [w]hen a Plaintiff files a State Court civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the Defendant may remove to Federal Court provided that no Defendant "is a citizen of the State in which such action is brought. . . . North Street admitted its domiciliary status [Mississippi] in the Notice of Removal. The civil action was improperly removed from the Circuit Court of Harrison County, Mississippi, First Judicial District.

Pl.'s Mot. to Remand, at p. 2.

## II. **DISCUSSION**

A.   Standard of Review

In the present case, North Street invokes the Court's diversity jurisdiction. 28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. After a case is removed to federal court, section 1447(c) provides two grounds for remand: (1) a defect in removal procedure; and (2) a lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party seeking removal, North

Street here, bears the burden of establishing federal jurisdiction over the state court suit. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

There is no dispute that the amount in controversy exceeds $75,000.00. Plaintiff contends that diversity jurisdiction is lacking because this action was removed by a citizen of the forum state, contra to 28 U.S.C. § 1441(b). By filing the instant Motion to Remand, Plaintiff has timely objected to the alleged procedural defect of removal where a diverse, but in-state, Defendant is present.[1] *See* 28 U.S.C. § 1441(b)(allowing removal under diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.".) The record before the Court supports the conclusion that North Street is a citizen of Mississippi. North Street admits as much in its Notice of Removal. Because North Street is an in-state Defendant, remand is required in this case, regardless of the residency of Plaintiff.

### III. <u>CONCLUSION</u>

Based on the foregoing, the Court finds that remand to state court is required.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [5-1] in the above styled and numbered cause, filed December 29, 2008, should be, and is, hereby **GRANTED**, and that the above styled and numbered cause

---

[1] The Notice of Removal was filed on November 25, 2008, and Plaintiff's Motion was filed on December 29, 2008. Because the Court was closed from December 25-26, 2008, Plaintiff's objection to the Notice of Removal is deemed timely made. *See Best v. Albritton*, 2007 WL 2253472 (August 2, 2007)(*citing Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998)).

should be, and hereby is, remanded to the Circuit Court of Harrison County, Mississippi, First Judicial District, pursuant to 29 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 11th day of February, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE